## IN THE IOWA DISTRICT COURT FOR CLARKE COUNTY

| | | |
|---|---|---|
| ROBERT PETEFISH, | ) ) ) | CASE NO. |
| Plaintiff | ) ) ) | |
| v. | ) ) | PETITION AND JURY DEMAND |
| WERNER ENTERPRISES, INC., and | ) ) | |
| DONALD FARMER, | ) ) | |
| Defendants. | | |

COMES NOW, Plaintiff, Robert Petefish, by and through its attorney, Anna Bergman of Wilson & Egge, P.C., and in support of their Petition and Jury Demand state the following:

## PARTIES AND JURISDICTION

1.      The unlawful practices alleged below were committed in Clarke County, Iowa.

2.      Venue is properly laid in this judicial district pursuant to Iowa Code §§ 616.17 and 616.18, as the injuries and damages sustained by Plaintiff occurred in Clarke County, Iowa.

3.      At all material times, Plaintiff, Robert Petefish ("Plaintiff") was a resident of Polk County, Iowa.

4.      At all material times, Defendant Werner Enterprises, Inc. ("Werner") was a Nebraska corporation organized under the laws of Nebraska that availed itself of Iowa laws by conducting its business operations in Clarke County, Iowa.

5.      At all material times, Defendant Donald Farmer ("Farmer") was a resident of Webb County, Texas.

Ex. 2

E-FILED 2020 MAY 13 9:31 AM CLARKE - CLERK OF DISTRICT COURT

## GENERAL ALLEGATIONS

6.      Plaintiff is an employee of Sam N' Al's, L.L.C., a small business trucking operation organized under the laws of Iowa.

7.      Plaintiff is employed as a commercial truck driver for Sam N' Al's, L.L.C.

8.      Defendant Werner is an international transportation and logistics corporation.

9.      At all material times, Defendant Farmer was employed by Defendant Werner as a commercial driver.

10.     Defendant Farmer was employed by Defendant Werner on March 6, 2019.

11.     Defendant Farmer stopped at the Pilot fueling station located at 2010 West Clay Street in Osceola, Iowa as a part of his regular job duties on March 6, 2019 at approximately 11:45 in the morning.

12.     Defendant Farmer assaulted Plaintiff while stopped at the above-mentioned Pilot fueling station.

13.     Defendant Farmer was arrested for assault with intent to cause bodily harm to Plaintiff on March 6, 2019 while stopped at the above-mentioned Pilot fueling station.

14.     Defendant Farmer pled guilty to assault causing bodily injury and paid a fine.

15.     Defendant Farmer was working within the scope of his employment at the time of Defendant Farmer's assault with intent to cause bodily harm to Plaintiff.

16.     Plaintiff suffered physical injuries requiring hospitalization and medical treatment.

17.     Plaintiff was unable to work as a result of the physical injuries and suffered lost wages as a result.

18.     Plaintiff requires ongoing medical treatment as a result of the physical injuries sustained due to Defendant Farmer's assault.

Ex. 2

E-FILED 2020 MAY 13 9:31 AM CLARKE - CLERK OF DISTRICT COURT

## COUNT I
## COMMON LAW BATTERY
### (Against all Defendants)

19.    Plaintiff incorporates the preceding paragraphs as if set forth verbatim.

20.    On March 6, 2019, Defendant Farmer physically struck Plaintiff at the Pilot fueling station.

21.    Defendant Farmer committed battery.

22.    Because Defendant Farmer was acting in the scope of his employment with Defendant Werner, Defendant Werner is vicariously liable for the acts of acts aforesaid of the Defendant Farmer.

23.    Plaintiff has in the past and will in the future suffer mental and emotional harm, anguish, anxiety, fear, loss of enjoyment of life, degradation, uncertainty, apprehensiveness, grief, restlessness, dismay, and unease, pain and suffering, and has in the past and will in the future suffer loss of wages, loss of earning capacity, benefits, and other emoluments of employment.

WHEREFORE, Plaintiff demands judgment against Defendants in an amount that will fully and fairly compensate for Plaintiff's injuries and damages, court costs, attorneys' fees, interest as allowed by law, and for such other appropriate relief as the Court finds may be just and equitable.

## COUNT II
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### (Against All Defendants)

24.    Plaintiff incorporates the preceding paragraphs as if set forth verbatim.

25.    Defendant Farmer's conduct was outrageous.

26.    Defendant Farmer intentionally caused emotional distress or acted with reckless disregard of the probability of causing emotional distress.

Ex. 2

E-FILED 2020 MAY 13 9:31 AM CLARKE - CLERK OF DISTRICT COURT

27.     Plaintiff suffered severe or extreme emotional distress.

28.     Defendant Farmer's outrageous conduct was a cause of Plaintiff's emotional distress.

29.     Because Defendant Farmer was acting in the scope of his employment with Defendant Werner, Defendant Werner is vicariously liable for the acts of acts aforesaid of the Defendant Farmer.

30.     Plaintiff suffered damages as a result of Defendant Farmer's outrageous conduct.

WHEREFORE, Plaintiff demands judgment against Defendants in an amount that will fully and fairly compensate for Plaintiff's injuries and damages, court costs, attorneys' fees, interest as allowed by law, and for such other appropriate relief as the Court finds may be just and equitable.

### COUNT III
### NEGLIGENT SUPERVISION
### (Against Defendant Werner)

31.     Defendant Farmer was under the supervision of Defendant Werner, as an employee of Defendant Werner performing employment duties at the time of the attack.

32.     Defendant Werner had a duty of care to Plaintiff to properly supervise its employees, including Defendant Farmer.

33.     Defendant Werner failed to properly supervise its employee Defendant Farmer.

34.     As a result of Defendant's Werner's failure to properly supervise its employee Defendant Farmer, Defendant Farmer attacked the Plaintiff.

35.     But for Defendant Werner's negligent supervision of Defendant Farmer, the Plaintiff would not have been attacked by Defendant Farmer.

Ex. 2

E-FILED 2020 MAY 13 9:31 AM CLARKE - CLERK OF DISTRICT COURT

WHEREFORE, Plaintiff demands judgment against Defendants in an amount that will fully and fairly compensate for Plaintiff's injuries and damages, court costs, attorneys' fees, interest as allowed by law, and for such other appropriate relief as the Court finds may be just and equitable.

## JURY DEMAND

The Plaintiff hereby demands a trial by jury of all the issues arising out of the matters pled herein.

Respectfully submitted,

/s/ *Anna M. Bergman*
Anna M. Bergman  AT0013025
Wilson & Egge, P.C.
475 Alice's Road, Suite A
Waukee, Iowa 50263
Telephone: (515) 369-2502
Facsimile: (515) 369-2503
anna@wilsonlawfirmpc.com
ATTORNEY FOR PLAINTIFF

Copy via EDMS to:

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true copy of the foregoing instrument was served upon each of the attorneys of record of all parties to the above-entitled cause by enclosing the same in an envelope addressed to each such attorney at such attorney's address as disclosed by the pleadings of record herein on May 12, 2020.

By: ☐ U.S. Mail                    ☐ Facsimile

☐ Hand Delivered            ☐ Overnight Courier

☐ Federal Express          X  Other: E-File

Signature  _____ */s/ Anna M. Bergman*

**Ex. 2**